UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2873

**TRANSFER ORDER**

**Before the Panel:**[*]   There are two motions under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation. Defendants Tyco Fire Products, LP, and Chemguard, Inc. (collectively, Tyco) move to centralize the 75 actions listed on Schedule A in the District of Massachusetts or, alternatively, the Southern District of New York. All of the actions on Schedule A involve allegations that aqueous film-forming foams (AFFFs, which are used to extinguish liquid fuel fires) contaminated the groundwater near certain airports and other industrial locations with perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA), which allegedly were contained in the AFFFs and are toxic.

Defendant 3M Company joins Tyco's motion and separately moves to include an additional nine actions in the MDL. These actions, which are listed on Schedule B, do not involve allegations relating to AFFFs, but 3M's manufacture of per- or polyfluoroalkyl substances (PFAS, an umbrella term that includes PFOS and PFOA). Specifically, each of these actions names 3M as a defendant and relates to (a) its sale of PFAS or other PFAS-containing products to third-parties,[1] or (b) 3M's manufacture, management, or disposal of PFAS in connection with its manufacturing facilities.[2] The actions listed on Schedule B are referred to as the non-AFFF actions.

Together, the two Section 1407 motions encompass 84 actions pending in twelve districts. Additionally, the Panel has been notified of sixteen related actions pending in nine districts. Ten of these related actions appear to involve AFFF claims, while six involve non-AFFF claims.[3]

---

[*] Judges Sarah S. Vance and Ellen Segal Huvelle took no part in the decision of this matter.

[1] PFAS chemicals, and in particular PFOA and PFOS, repel oil, grease, and water. They were widely used for many years in the manufacture of many products, including food packaging, stain repellants, furniture fabrics, and cookware.

[2] 3M also requests the MDL caption be changed to *In re: PFAS Products Liability and Environmental Liability Litigation*. Because we deny 3M's motion to expand this MDL beyond AFFF actions, we likewise deny this request.

[3] The related actions involving AFFF claims, as well as any other related actions involving
(continued...)

-2-

The responding parties take a variety of positions with respect to centralization and the selection of the transferee district for this litigation. Tyco takes no position on 3M's motion to expand the MDL to include non-AFFF cases. The other AFFF-manufacturer defendants support Tyco's motion. Defendants United Technologies Corporation, Kidde PLC Inc., Kidde-Fenwal, Inc., and UTC Fire & Security Americas Corporation, Inc., take no position on 3M's motion. Defendants National Foam, Inc., and Buckeye Fire Equipment Company, in contrast, oppose inclusion of non-AFFF actions. All AFFF manufacturing defendants support D. Massachusetts or S.D. New York as the transferee district.[4]

Two AFFF governmental defendants (County of Suffolk and Town of East Hampton) also support or do not oppose centralization, though East Hampton suggests the Eastern District of New York as the transferee district. Plaintiffs in 64 actions and four potential tag-along actions either do not oppose or support centralization of all PFAS actions (*i.e.*, both AFFF and non-AFFF actions). Plaintiffs in six AFFF actions pending in the District of Colorado and the Eastern District of Pennsylvania (including interim lead class counsel in both districts) oppose centralization. Plaintiffs in seven non-AFFF actions, as well as defendants Wolverine World Wide, Inc., and E.I. du Pont de Nemours and Company, oppose inclusion of the non-AFFF actions in this MDL. All of the plaintiffs support the Southern District of Ohio as the transferee district if an MDL is created, while certain of the plaintiffs also propose centralization in the Northern District of Alabama, the District of Colorado, or the District of New Jersey.

Additionally, a number of parties oppose inclusion of their respective actions in any centralized proceeding. With respect to the AFFF actions, plaintiffs in two actions pending in the District of Colorado request, in the event the Panel creates an MDL, that the consolidated *Bell* class actions in that district be excluded from the MDL.[5] Plaintiff and six groups of non-manufacturer

---

[3](...continued)
similar claims, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2. Several parties argue against the transfer of two of these related actions (*Hardwick*, pending in the Southern District of Ohio, and *State of New York*, pending in the Northern District of New York). These arguments are premature. *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011) ("Because this action is a potential tag-along action, plaintiffs' arguments are premature, and we decline to grant plaintiffs' request at this time. The proper approach is for plaintiffs to present their arguments by moving to vacate if we issue an order conditionally transferring their action to the MDL. *See* Rule 7.1. Or plaintiffs may request that the transferee judge remand their action to the transferor court. *See* Rule 10.1.).

[4] National Foam alternatively suggests the Eastern District of Pennsylvania as the transferee district in its Notice of Presentation of Oral Argument.

[5] Plaintiffs in one of these actions (*Gregory Bell*) alternatively request the Panel create
(continued...)

defendants in the *City of Newburgh* action pending in the Southern District of New York ask us to exclude that action from any MDL. Several of these parties alternatively request the Panel separate and remand plaintiff's claims against the non-manufacturers to the transferor court (though one defendant opposes this). If centralized, two of the defendant groups request the Southern District of New York as the transferee district. With respect to the nine non-AFFF actions, at least one party in each action opposes its inclusion in the MDL.[6]

On the basis of the papers filed and hearing session held, we find that the AFFF actions listed on Schedule A involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. In each of these actions, plaintiffs allege that AFFF products used at airports, military bases, or certain industrial locations caused the release of PFOA or PFOS into local groundwater and contaminated drinking water supplies. With some minor variations, the same group of AFFF manufacturer defendants is named in each action. These actions thus share factual questions concerning the toxicity of PFOA and PFOS and their effects on human health; the chemical properties of these substances and their propensity to migrate in groundwater supplies; the knowledge of the AFFF manufacturers regarding the dangers of PFOA and PFOS; their warnings, if any, regarding proper use and storage of AFFFs; and to what extent, if any, defendants conspired or cooperated to conceal the dangers of PFOA and PFOS in their products. Additionally, the AFFF manufacturers likely will assert identical government contractor defenses in many of the actions. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (including with respect to discovery, privilege, and *Daubert* motion practice); and conserve the resources of the parties, their counsel, and the judiciary.

Opponents of centralization focus on the factual differences among the actions. First, they contend that location-specific factual issues will predominate over the common AFFF factual issues. Were this litigation limited to only a few actions, as in *In re Monsanto PCB Water Contamination*

---

[5](...continued)
multiple MDLs to address the various categories of actions at issue in the AFFF litigation. Doing so, however, would result in unnecessary duplication with respect to common discovery. We therefore decline this alternative request.

[6] Specifically, plaintiff in the action pending in the District of Minnesota opposes inclusion in the MDL and, alternatively, suggests the Southern District of Ohio as the transferee district. Plaintiff and Defendant Wolverine alternatively requests the Panel exclude the action pending in the Western District of Michigan, as well as any other action involving Wolverine. Plaintiff and two local defendants oppose inclusion of the *Tennessee Riverkeeper* action, pending in the Northern District of Alabama, while another local defendant (Daikin America, Inc.) opposes inclusion of any of the Alabama actions. Defendants Saint-Gobain Performance Plastics Corporation and Honeywell International Inc., as well as DuPont, oppose inclusion of the actions pending in the Northern District of New York. Finally, plaintiff and Defendant Georgia-Pacific LLC oppose inclusion of a related non-AFFF action pending in the Western District of Michigan.

*Litigation*, 176 F. Supp. 3d 1379 (J.P.M.L. 2016), the presence of site-specific contamination issues would weigh heavily against centralization. But, here we are presented with 75 AFFF actions pending in eight districts, and that number is likely to grow significantly.[7] Given the large numbers of involved actions and districts, alternatives to centralization (such as informal coordination and cooperation among counsel and the courts) are impracticable. In similar circumstances, we have centralized groundwater contamination cases despite the presence of multiple contamination sites. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, MDL No. 1358, 2000 U.S. Dist. LEXIS 14901 (J.P.M.L. Oct. 10, 2000). The efficiencies to be gained through centralized treatment of common factual questions in such a large litigation are considerable.[8]

Opponents of centralization also argue that the causes of action and parties in the AFFF actions differ so significantly that any efficiencies from centralization will be offset by delay. These actions include personal injury cases brought by individuals who allegedly drank contaminated groundwater, class actions seeking to represent individuals who live near sites where AFFF was used and assert claims for medical monitoring and property damage, and cases brought by water authorities and other governmental entities seeking costs for environmental remediation or upgrades to water treatment systems. Even so, all the AFFF actions involve the same mode of groundwater contamination caused by the same product.[9] Therefore, these actions will involve significant and overlapping discovery of the AFFF manufacturers and their products. To the extent the actions entail unique factual or legal issues, the transferee court has the discretion to address those issues through

---

[7] The 44 actions pending in the District of Colorado, for instance, encompass several *thousand* plaintiffs. Additionally, we centralized another litigation involving allegations of PFOA contamination of groundwater in *In re E.I. du Pont de Nemours and Company C-8 Personal Injury Litigation*, 939 F. Supp. 2d 1374 (J.P.M.L. 2013). The C-8 Litigation involved only one contamination site, yet grew to over 3,000 individual actions at its height.

[8] Indeed, the C-8 Litigation, which was much discussed by the parties in their papers and at oral argument, involved *fewer* common factual questions to be resolved by the transferor court because questions of general causation with respect to PFOA had been resolved through a prior state court class settlement between DuPont and plaintiffs. In contrast, whether plaintiffs asserting personal injury here can show there is scientifically reliable evidence of a causal connection between AFFF products allegedly discharged into the environment and harm to plaintiffs (*i.e.*, whether PFOS or PFOA can, as a general matter, cause human illness) remains to be litigated.

[9] According to the parties, the original AFFF formulation was developed by the U.S. military in the 1960s, and all subsequent AFFF products were manufactured in compliance with a common military specification. *See* Mil-F-24385F (1992). Thus, while there may be some differences between AFFF products manufactured by different defendants, these differences are unlikely to significantly complicate the pretrial management of this litigation.

the use of appropriate pretrial devices, such as separate tracks for discovery and motion practice.[10] And, should the transferee court determine that continued inclusion of certain actions or categories of actions in the MDL no longer is appropriate, the transferee court may recommend Section 1407 remand of those actions in advance of other actions. *See In re McCormick & Co., Inc., Pepper Prods. Mktg. & Sales Practices Litig.*, 148 F. Supp. 3d 1364, 1366 (J.P.M.L. 2015).

We will not exclude any of the AFFF actions from the MDL. The Colorado plaintiffs argue that the consolidated *Bell* class actions in the District of Colorado are too advanced to warrant transfer. While those actions are the most procedurally advanced AFFF actions, the only discovery completed to date pertains to class certification.[11] Significant common discovery and pretrial motion practice pertaining to liability and general causation remain, and will benefit from inclusion in the centralized proceedings.

In contrast to *Bell*, the *City of Newburgh* action in the Southern District of New York was only recently filed. The parties opposing its inclusion in the MDL—both plaintiff and numerous non-manufacturing defendants, including the United States and the State of New York—argue that *City of Newburgh* involves unique environmental claims against non-manufacturer plaintiffs. *City of Newburgh*, though, also involves negligence and strict liability claims against the AFFF manufacturer defendants that are substantially similar to those in the other AFFF actions. To the extent the City seeks unique or time-sensitive injunctive relief pertaining to its water supplies, the City can and should raise such concerns with the transferee court. Furthermore, six other actions (three on Tyco's motion and three potential tag-alongs) involve the same allegations regarding contamination of the City's water supply through use of AFFFs at New York Stewart International Airport. Excluding *City of Newburgh* thus would result in a duplication of efforts.[12]

We agree, however, that the non-AFFF actions listed on Schedule B should not be included

---

[10] Two water authority plaintiffs have indicated their intent to ask the transferee court to create separate tracks for the water authority plaintiffs. We take no position on whether separate tracking is warranted, but leave this decision to the discretion of the transferee court.

[11] The Colorado court held a class certification hearing on November 30, 2018, but declined to rule on plaintiffs' motion prior to this Panel's decision on centralization. The court also indicated that a further hearing and additional expert testimony would be necessary before a decision on plaintiffs' certification motion can be rendered.

[12] We also deny certain parties' alternative request to separate and remand the claim against the non-manufacturer defendants to the Southern District of New York. These claims appear inextricably linked to the claims against the manufacturer defendants—for example, Defendant SWF Airport Acquisition, Inc., argues that such separation and remand will hinder its ability to assert cross-claims against the manufacturer defendants. If the parties continue to believe that separation and remand of these claims is appropriate, they may request the transferee court issue a suggestion of remand to that effect.

Case MDL No. 2873   Document 239   Filed 12/07/18   Page 6 of 10

-6-

in this MDL. These nine actions are quite different from the AFFF actions and, indeed, from each other. They include discharges directly into the Tennessee River by various industrial concerns in Decatur, Alabama; contamination originating from a shoe manufacturer's industrial waste; and airborne PFAS discharges from factories in Hoosick Falls, New York. These actions thus are different in kind from the AFFF actions and involve more varied defendants. Moreover, 3M's proposed definition of this MDL's scope is unworkable—in the Northern District of New York, for example, there are at least 21 additional related actions involving the Hoosick Falls contamination that do not name 3M, only Saint-Gobain and Honeywell. While a non-AFFF MDL would allow for common discovery and motion practice with respect to 3M—the main producer of PFOA and PFOS—it also would include far more site-specific issues, different modes of PFAS contamination, and different PFAS chemicals (whereas the AFFF actions are limited to PFOA and PFOS contamination). Such an MDL could quickly become unwieldy. As there are relatively few non-AFFF actions, which are being managed effectively in their current districts, expansion of this MDL to include non-AFFF actions is not warranted.

Even excluding the non-AFFF actions, this MDL undoubtedly will be a complex litigation from a judicial management perspective. With this in mind, we select the District of South Carolina as the appropriate transferee district for this litigation. This district is not burdened by many MDLs and has the capacity and resources to successfully guide this litigation. More importantly, the Honorable Richard M. Gergel, who sits in this district, is an experienced transferee judge who can prudently steer the litigation. Though a related action is not currently pending in the District of South Carolina, that is not a bar to centralization in a particular district. *See In re Bard IVC Filters Prods. Liab. Litig.*, 122 F. Supp. 3d 1375, 1376-77 (J.P.M.L. 2015) (centralizing fifteen actions in the District of Arizona though no constituent action was pending in that district).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings; and

IT IS FURTHER ORDERED that transfer of the actions listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Lewis A. Kaplan
Acting Chair

R. David Proctor          Catherine D. Perry
Karen K. Caldwell         Nathaniel M. Gorton

**IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION**                      MDL No. 2873

## SCHEDULE A

<u>District of Colorado</u>

BELL, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:16−02351
BELL, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:16−02352
DAVIS, ET AL. v. 3M CORPORATION, ET AL., C.A. No. 1:16−02394
ADAMS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-00705
BRAUN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-00742
GORDON, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01065
SMITH, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01070
PARKER, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01090
MANN, JR., ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01091
BLEICHERT, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01101
GUTIERRES, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01140
RODERICK, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01145
CHISHOLM, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01152
GOKEY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01153
SMITH, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01154
WOLFE, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01155
THOMAS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01156
THOMPSON, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01157
KAHLER, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01158
BARKER, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01161
HICKS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01163
BUTTS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01164
HUTCHISON, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01165
INGEMANSEN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01167
RICE, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01190
HARTLEY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01191
HELM, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01192
STACY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01193
CROW, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01196
PADILLA, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01199
TAYLOR, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01201
DILWOOD, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01202
SHERBAN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01270
JOHNSON, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01271
GUTTENBERG, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01274
CASTRO, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01278
OQUENDO, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01281

-A2-

GARCIA, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01282
MCCLOSKEY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01285
NISKERN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01288
GIBSON, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01294
HALL, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01298
KELLY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01301
WALKER, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01302

District of Delaware

ANDERSON, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 1:18-00769

Northern District of Florida

EMERALD COAST UTILITIES AUTHORITY v. 3M COMPANY, ET AL.,
    C.A. No. 3:18-01445

District of Massachusetts

TOWN OF BARNSTABLE v. 3M COMPANY, ET AL., C.A. No. 1:16-12351
BARNSTABLE COUNTY v. 3M COMPANY, ET AL., C.A. No. 1:17-40002
CIVITARESE, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 1:18-10747
CITY OF WESTFIELD v. 3M COMPANY, ET AL., C.A. No. 3:18-30027

Eastern District of New York

GREEN, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:17-02566
SINGER, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:17-06962
SUFFOLK COUNTY WATER AUTHORITY v. THE 3M COMPANY, ET AL.,
    C.A. No. 2:17-06982
AYO, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:18-00373
HAMPTON BAYS WATER DISTRICT v. THE 3M COMPANY, ET AL.,
    C.A. No. 2:18-01996
SHIPMAN v. THE 3M COMPANY, ET AL., C.A. No. 2:18-02496
PY, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:18-03225

Southern District of New York

ADAMO, ET AL. v. THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
    ET AL., C.A. No. 7:17-07131
FOGARTY, ET AL. v. THE PORT AUTHORITY OF NEW YORK AND NEW
    JERSEY, ET AL., C.A. No. 7:17-07134
MILLER, ET AL. v. THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

-A3-

    ET AL., C.A. No. 7:17-07136
CITY OF NEWBURGH v. UNITED STATES OF AMERICA, ET AL.,
    C.A. No. 7:18-07057

    Eastern District of Pennsylvania

BATES, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:16-04961
GRANDE, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:16-05380
YOCKEY, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:16-05553
FEARNLEY, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:16-06416
MENKES, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:17-00573
ZYSK, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:18-02036
GILLEN v. THE 3M COMPANY, ET AL., C.A. No. 2:18-02037
VOELKER, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:18-02038
GENTLES v. THE 3M COMPANY, ET AL., C.A. No. 2:18-02039
SATURNO v. THE 3M COMPANY, ET AL., C.A. No. 2:18-02040
GRANDE v. THE 3M COMPANY, ET AL., C.A. No. 2:18-02041
BURBIDGE, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:18-02043
EYNON v. 3M COMPANY, ET AL., C.A. No. 2:18-03387

    Eastern District of Washington

ACKERMAN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:18-00117

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                          MDL No. 2873

## SCHEDULE B

<u>Northern District of Alabama</u>

WEST MORGAN-EAST LAWRENCE WATER AND SEWER AUTHORITY, ET AL.
  v. 3M COMPANY, ET AL., C.A. No. 5:15-01750
TENNESSEE RIVERKEEPER INC. v. 3M COMPANY, ET AL.,
  C.A. No. 5:16-01029
KING, ET AL. v. WEST MORGAN-EAST LAWRENCE WATER AND SEWER
  AUTHORITY, ET AL., C.A. No. 5:17-01833
ARNOLD v. WEST MORGAN-EAST LAWRENCE WATER AND SEWER
  AUTHORITY, ET AL., C.A. No. 5:18-01441

<u>Western District of Michigan</u>

ZIMMERMAN, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 1:17-01062

<u>District of Minnesota</u>

CITY OF LAKE ELMO v. 3M COMPANY, C.A. No. 0:16-02557

<u>Northern District of New York</u>

LUCEY v. SAINT-GOBAIN PERFORMANCE PLASTICS CORP., ET AL.,
  C.A. No. 1:17-01054
WICKENDEN, ET AL. v. SAINT-GOBAIN PERFORMANCE PLASTICS CORP.,
  ET AL., C.A. No. 1:17-01056
ANDRICK, ET AL. v. SAINT-GOBAIN PERFORMANCE PLASTICS CORP.,
  ET AL., C.A. No. 1:17-01058